CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 20 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS ROBERT CLIFTON, ) | |
| Petitioner, ) | Civil Action No. 7:09-cv-00192 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BUCHANAN CIRCUIT COURT, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Douglas Robert Clifton, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Clifton is challenging his 2005 statutory burglary and robbery convictions in the Buchanan County Circuit Court. As grounds for relief, Clifton raises several claims of ineffective assistance of appellate counsel. The court finds that Clifton has failed to exhaust his state court remedies before filing this federal habeas petition and, therefore, dismisses his petition without prejudice.

I.

On October 31, 2005, the Buchanan County Circuit Court convicted Clifton of one count of statutory burglary and one count of robbery and sentenced him to a total of forty years incarceration with twenty years suspended. The Virginia Court of Appeals denied his appeal on July 12, 2006. Clifton concedes that he did not pursue his appeal to the Supreme Court of Virginia, but claims that his failure to file an appeal was a result of ineffective assistance provided by appellate counsel. Clifton also concedes that he never pursued a state habeas petition in any state court.

II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon

ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. See Va. Code §8.01-654. In this case, it is clear from the face of his petition that Clifton has yet to pursue his claims in the Supreme Court of Virginia. Accordingly, the court dismisses Clifton's instant petition, without prejudice, as unexhausted.

### III.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

**ENTER**: This 20th day of May, 2009.

United States District Judge